**MONTEIRO & FISHMAN LLP**
Marcus Monteiro, Esq.
     *Email: mmonteiro@mflawny.com*
91 N. Franklin Street, Suite 108
Hempstead, New York 11550
Tel.: 516/280.4600
Fax: 516/280.4530
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VIDAL MOJICA and NELSON E. SANTOS, on behalf of themselves and others similarly situated, | INDEX NO.: |
| Plaintiff, | COMPLAINT |
| -against- | FLSA COLLECTIVE ACTION<br>RULE 23 CLASS ACTION |
| LEO CONSTANTATOS, NICHOLAS KONSTANTATOS, ABC CORP. d/b/a CANDLELIGHT DINER-RESTAURANT, | DEMAND FOR JURY TRIAL |
| Defendants. | |

Plaintiff, VIDAL MOJICA ("VIDAL") and NELSON E. SANTOS ("NELSON") complaining of the Defendants herein, by their attorneys, MONTEIRO & FISHMAN LLP, upon information and belief, and at all times hereinafter mentioned, allege as follows:

**<u>NATURE OF THE ACTION</u>**

1.      Plaintiffs allege on behalf of himself, and others similarly situated current and former and current employees of Defendants who elect to opt into this action, that they are entitled to, under 29 U.S.C. § 201 *et seq.* ("FLSA"), *inter alia*, from Defendants: (i) unpaid wages for overtime work performed, (i) liquidated damages, (iii) attorneys' fees, (iv) interest, and (v) all costs and disbursements associated with this action.

2.    Plaintiffs further allege that they are entitled to, under New York Labor Law, Art. 6, §§ 190 *et seq*. and Art. 19, §§ 650 *et seq.*, (collectively "NYLL"), and N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 142 and 146 from Defendants: (i) unpaid wages for overtime work performed, (ii) unpaid spread of hours wages for each day Plaintiffs worked ten or more hours, (iii) liquidated damages for failure to pay overtime premium and spread of hours pay, (iv) liquidated damages for failure to furnish Plaintiff a notice and acknowledgment at the time of hiring, (v) attorneys' fees, (vi) interest, and (vii) all costs and disbursements associated with this action.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 due to Plaintiffs' claims under FLSA, and supplemental jurisdiction over the New York state law claims pursuant to 28 U.S.C. § 1367.

4.    Venue is proper as Defendants conduct business in Suffolk County, the wrongs complained of herein occurred in Nassau County and under 28 U.S.C. § 1391.

## PARTIES

*Plaintiffs*

5.    Plaintiff VIDAL resides in SUFFOLK County, New York.

6.    Plaintiff NELSON resides in SUFFOLK County, New York.

*Defendants*

7.    All Defendants are collectively referred to as "Defendants."

8.    Plaintiffs do not know the true name, corporate entity, or the capacity of that defendant sued herein as ABC CORP. d/b/a CANDLELIGHT DINER-RESTAURANT, and therefore is suing such defendant by a fictitious name. Plaintiffs

2

intend to amend this Complaint to allege its true name and capacity when ascertained.

9.    ABC CORP. d/b/a CANDLELIGHT DINER-RESTAURANT (the "CORP") is a New York Corporation whose principal place of business is at 56 Veterans Memorial Highway, Commack, NY 11725.

10.    The CORP. has been in business since about 1969.  It is a full service diner-restaurant that is open 24 hours a day, 7 days a week.  It employs about 25 people.

11.    Upon information and belief, LEO CONSTANTATOS  ("LEO") is the Chief Executive Officer or a corporate officer of the CORP.

12.    Upon information and belief, LEO is: an officer, owns, is a majority shareholder, an agent of, has active control of the CORP., has operational control of the CORP., sets the weekly work-hours of the employees, has the power to establish the wages of the employees of the CORP., implemented and supervised the wage and hour practices and policies relating to employees, controlled significant business functions of the  CORP., determined employee salaries, made hiring decisions, maintains the employee records of the CORP., acts directly and indirectly for and in the interest of the CORP., hires and fires employees thereof, and exercises sufficient control of the operations of the Plaintiff so as to be an "employer" of Plaintiffs under  FLSA 29 USC § 203(d), and N.Y. Lab. Law § 190(3).

13.    Upon information and belief, NICHOLAS KONSTANTATOS ("NICHOLAS") is the Chief Executive Officer or a corporate officer of the CORP.

14.     NICHOLAS resides at 3 Villadom Court, Dix Hills, NY 11746.

15.    Upon information and belief, NICHOLAS is: an officer, owns, is a majority shareholder, an agent of, has active control of the CORP., has operational control of the

3

CORP., is the manager of the CORP., sets the weekly work-hours of the employees, has the power to establish the wages of the employees of the CORP., implemented and supervised the wage and hour practices and policies relating to employees, controlled significant business functions of the CORP., determined employee salaries, made hiring decisions, maintains the employee records of the CORP., acts directly and indirectly for and in the interest of the CORP., hires and fires employees thereof, and exercises sufficient control of the operations of the Plaintiff so as to be an "employer" of Plaintiffs under FLSA 29 USC § 203(d), and N.Y. Lab. Law § 190(3).

16. The CORP. conducts and carries on business in the County of Suffolk, State of New York.

17. The CORP. exercises sufficient control of the operations of the Plaintiffs so as to be an "employer" of Plaintiffs under FLSA 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

18. At all relevant times, Defendants employed more than two persons and have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

19. Upon information and belief, during each of the three years preceding the date of this complaint, Defendants have had gross revenues in excess of $500,000 per year.

20. At all relevant times, Defendants had, and continue to have, employees handle and/or work on goods or materials that have been moved in, or produced, for commerce.

4

21.     At all relevant times, Plaintiffs, in their work for Defendants, have handled and worked on goods or materials that have been moved in, or produced, for commerce.

22.     At all relevant times, the CORP. was an "enterprise engaged in commerce or in the production of goods for commerce" under FLSA 29 U.S.C. § 203.

## FLSA COLLECTIVE ACTION ALLEGATIONS

23.     Plaintiffs bring these claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. 216(b), on behalf of all non-exempt persons employed by Defendants at any New York location on or after the date that is three years before the filing of the Complaint in this case as defined herein ("Collective Plaintiffs").

24.     At all relevant times, Plaintiffs and the other Collective Plaintiffs are, and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them one and one half times their hourly rate for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other Collective Plaintiffs.

25.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 16(b) of the FLSA, 29 U.S.C. 216(B). The Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the Collective Plaintiffs via first class mail to the last address known to Defendants.

26.    The named Plaintiffs are representative of those other workers and is acting on behalf of Defendants' current and former employees' interest, as well as his own interest in bringing this action.

## CLASS ACTION ALLEGATIONS

27.    Plaintiffs also bring their N.Y. Lab. Law claims pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at any New York location on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

28.    All said persons, including Plaintiffs, are referred to herein as the "Class" or the "Rule 23 Class."  The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under the F.R.C.P. 23.

29.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than twenty (20) members of the Class.

30.    Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to

the same corporate practices of Defendants, as alleged herein. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

31.    Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

32.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. In addition, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by

individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

33.    Upon information and belief, Defendants and other employers throughout the state violated the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

34.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)    Whether Plaintiffs and the Rule 23 Class are non-exempt from entitlement to overtime compensation for all hours worked in excess of 40 hours per week;

b)    What policies, practices and procedures Defendants implemented regarding payment of overtime compensation, spread of hours, and breaks and meal periods;

c)      Whether Defendants failed to pay Plaintiffs and the Rule 23 Class

overtime compensation for all hours worked in excess of forty (40)

hours per week within the meaning of the NYLL Article 19 § 650 *et*

*seq*. and the supporting NYDOL Regs., 12 N.Y.C.R.R. Part 142;

d)      Whether Defendants failed to pay Plaintiffs and the Rule 23 Class

spread of hours pay by failing to pay an additional hour's pay when

they worked more than ten (10) hours in a day, as provided by 12

N.Y.C.R.R. sect. 142-2.4;

e)      Whether Defendants failed to provide Plaintiffs and the Rule 23 Class

breaks and meal periods in violation of NYLL sect. 162(4);

f)      Whether Defendants wrongfully interfered with the rights of Plaintiffs

and the Rule 23 Class to immediate possession of earned wages and,

thus, engaged in unlawful conversion of their compensation;

g)      The nature and extent of the Rule 23 Class-wide injury and the

appropriate measure of damages for the Class; and

h)      Whether Defendants failure to pay Plaintiffs and the Rule 23 overtime

compensation for all hours worked in excess of forty (40) hours per

week, spread of hours pay was done willfully or with reckless

disregard for the applicable federal and state wage and hours laws, and

whether Defendants' failure to afford proper meal and break period

was done willfully or with reckless disregard for the applicable federal

and state wage and hours laws.

9

## STATEMENT OF FACTS

35.    Defendants LEO and NICHOLAS are in charge of hiring Plaintiffs.

36.    Defendants LEO and NICHOLAS decided the job duties that Plaintiffs preformed.

37.    Defendants LEO and NICHOLAS determined Plaintiffs' hourly rate of pay.

38.    Defendants LEO and NICHOLAS have determined Plaintiffs' work schedule.

39.    Defendants LEO and NICHOLAS have determined the number of hours that Plaintiffs' worked.

40.    Defendants LEO and NICHOLAS have participated, controlled, directed, and have operational control of the day to day operations of the CORP.

41.    Defendants LEO and NICHOLAS managed Plaintiffs' employment, including the amount of overtime that they worked each workweek.

42.    Defendants LEO and NICHOLAS have dictated, controlled, and ratified the wage and hour and related employee compensation policies.

43.    Defendants LEO and NICHOLAS were aware of Plaintiff's work hours but failed to pay Plaintiffs the full and proper amount of wages they were entitled to each week.

44.    VIDAL was employed by Defendants as a dishwasher and busboy from 2005 until 2018.

45.    During the term of his employ, VIDAL generally worked between 60 to 72 hours a week.

10

46.     VIDAL was paid cash a straight weekly wage, from about $270.00 per week when he first started, to $550.00 per week by the end of his term.

47.     The paystubs provided to VIDAL were false and failed to properly account for wages paid or hours worked.

48.      During the work-week of April 8, 2018 to April 14, 2018, VIDAL worked about 60 hours, but was only paid $485.00 in cash.  As such, VIDAL was not paid minimum wage, spread of hours or overtime pay.

49.     NELSON was paid cash a straight weekly wage, from about $300.00 per week when he first started, to $420.00 per week by the end of his term.

50.     The paystubs provided to NELSON were false and failed to properly account for wages paid or hours worked.

51.      During the work-week of April 8, 2018 to April 14, 2018, NELSON worked about 60 hours, but was only paid $420.00 in cash.  As such, NELSON was not paid minimum wage, spread of hours or overtime pay.

52.     Plaintiffs did not supervise any other employee and had no supervisory authority whatsoever over any other person.

53.     While Plaintiffs and Collective and Class plaintiffs, worked in excess of forty hours a week, Defendants willfully failed to pay them minimum wage and overtime compensation for the overtime hours worked.

54.     Also, Plaintiffs and Collective and Class plaintiffs, typically worked more than ten hours each day during the week, yet Defendants willfully failed to pay them spread of hours wages.

11

55.     When Defendants hired Plaintiffs, and Collective and Class plaintiffs, they never furnished them with a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

56.     Defendants never paid Plaintiffs, and Collective and Class plaintiffs, wages with a pay statement containing the following information: employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates of pay, gross and net wages, itemized deductions, and/or itemized allowances.

57.     Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the NYLL.

58.     During all relevant times, Defendants failed to maintain accurate and sufficient records.

59.     Defendants knew that nonpayment of overtime would economically injure Plaintiffs, the FLSA Collective Plaintiffs and members of the Class, and violated State and Federal laws.

60.     Defendants committed the following acts against Plaintiffs, the FLSA Collective Plaintiffs and members of the Class knowingly, intentionally and willfully.

12

**FIRST CLAIM FOR RELIEF**
**(FLSA Claims, 29 U.S.C. §§ 201, et seq.,**
**Brought by Plaintiffs on Behalf of**
**Themselves and the FLSA Collective Plaintiffs)**

61.    Plaintiffs, on behalf of themselves, the Class and the FLSA Collective

Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were

set forth again herein.

62.    The allegations herein shall specifically include that term which is six years

from the filing of this Compliant.

63.    Defendants failed to keep accurate records in accordance with the FLSA,

29 U.S.C. § 203(c), and 29 C.F.R. § 516.

64.    Defendants also failed to post notices of employees' rights as required by

29 C.F.R. § 516.4.

65.    Because of Defendants' failure to post notices of the employees' rights,

Plaintiffs and each collective/class member is entitled to the equitable tolling of their

claims from the start of the period of time during which Defendants failed to post such

notices.

66.    The foregoing conduct, as alleged, constitutes a willful violation of

FLSA under 29 U.S.C. § 255(a).

67.    As a result of the Defendants failure to record, report, credit and/or

compensate its employees, including the Plaintiff and the collective action members,

Defendants have failed to make, keep, and preserve records with respect to each of its

employees sufficient to determine the wages, hours, and other conditions and practices of

employment in violation of the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§

13

211(c) and 215(a).

68.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

69.    Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid compensation, for Defendants failure to comply with its obligations to post notices, keep records, liquated damages as provided by the FLSA for minimum wage violations, attorney's fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.***
**Brought by Plaintiffs on Behalf of Themselves**
**And the FLSA Collective Plaintiffs)**

70.    Plaintiffs, on behalf of themselves, the Class and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

71.    The allegations herein shall specifically include that term which is six years from the filing of this Compliant.

72.    Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff for those hours worked in excess of forty hours per workweek.

73.    Defendants has and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiffs and FLSA Collective Plaintiffs at one and one half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

14

74.    Defendants willfully, knowingly, regularly and repeatedly failed to pay Plaintiffs and the FLSA Collective Plaintiffs at the required overtime rate of one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

75.    Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Act)**
**(New York Labor Law §§ 650 et seq. Brought by**
**Plaintiffs on Behalf of Themselves and the Class)**

76.    Plaintiffs, on behalf of themselves, the Class and other FLSA Collective Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

77.    The allegations herein shall specifically include that term which is six years from the filing of this Compliant.

78.    Defendants employed Plaintiff and the Class within the meaning of N.Y. Lab. Law §§ 2 and 651, and 12 N.Y.C.R.R. 146-3.2.

79.    Defendants knowingly and willfully paid the Plaintiffs and the Class less than the New York State minimum wage.

80.    Defendants did not pay Plaintiffs and the Class the New York minimum wage for all hours worked.

15

81.    Defendants' failure to pay Plaintiffs and the Class the New York minimum wage was willful.

82.    As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post- judgment interest, costs and attorney's fees, as provided by N.Y. Lab. Law §663.

**FOURTH CLAIM FOR RELIEF**
**(New York Overtime Violations)**
**(New York Minimum Wage Act, N.Y. Stat. §§ 650 et seq.,**
**N.Y. Comp. Codes R. & Regs. Tit. 12, § 142 – 2.2 and 146-1.4**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

83.    Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

84.    The allegations herein shall specifically include that term which is six years from the filing of this Compliant.

85.    Defendants willfully violated Plaintiffs' rights by failing to pay them, and the Class, overtime compensation at a rate of not less than one-half times his hourly wage for each hour worked in excess of forty hours per workweek, violating 12 N.Y.C.R.R. §§ 146-1.4, 142- 2.2.

86.    As a result of Defendant's willful and unlawful conduct, Plaintiffs and the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and- post judgment interest, costs and attorney's fees, as provided by N.Y. Lab. Law § 663.

## FIFTH CLAIM FOR RELIEF
### (New York Spread of Hours Provisions)
**(N.Y. Lab. L. § 650 *et seq*., and N.Y. Comp. Code R. & Regs. Tit. 12, § 142-2.4(a), 142-2.18 and 146-1.6 Brought by Plaintiffs on Behalf of Themselves and the Class)**

87.    Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

88.    The allegations herein shall specifically include that term which is six years from the filing of this Compliant.

89.    Plaintiffs and the Class regularly had workdays that lasted more than ten (10) hours.

90.    Defendants willfully and intentionally failed to compensate Plaintiffs and the Class one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, violating New York's spread of hours compensation regulations under 12 N.Y.C.C.R. § 146-1.6.

91.    As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## SIXTH CLAIM FOR RELIEF
### (New York Notice Requirements)
**(N.Y. Lab. L. §§195,198 Brought by Plaintiffs on Behalf of Themselves and the Class)**

92.    Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

93.    Defendants failed to furnish to Plaintiff at the time of hiring, and on an annual basis 2012, 2013 and 2014, as required under N.Y. Lab. Law § 195(1)(a), a notice, in English as well as the employee's primary language, that is acknowledged, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of N.Y. Lab. Law § 195(1) and 12 N.Y.C.C.R. § 146-2.2.

94.    Due to Defendants' violating N.Y. Lab. Law § 195(1), Plaintiffs, and the Class, are entitled to recover from Defendants liquidated damages of $50.00 per day that the violation occurred, up to a maximum of $5,000.00, reasonable attorney's fees, and costs and disbursements of this action under N.Y. Lab. Law § 198(1-b).

### SEVENTH CLAIM FOR RELIEF
**(New York Wage Statement Requirements)**
**(N.Y. Lab. L. §195 and N.Y. Comp. Code R. & Regs. 12, § 146-2.3**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

95.    Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

96.    Defendants paid Plaintiffs, and the Class, wages, either by cash, or with a pay stub containing the following missing and/or willfully incorrect information: employer's

18

name, address and phone number, employee's name, dates covered by payment, basis of

payment, hours worked, regular rates of pay, overtime rates of pay, gross and net wages,

itemized deductions, and/or itemized allowances, violating N.Y. Lab. Law § 195(3) and 12

N.Y.C.C.R. § 146-2.3.

97.    Due to Defendants violating N.Y. Lab. Law § 195(3) and 12 N.Y.C.C.R. §

146-2.3, Plaintiffs are entitled to recover from Defendants liquidated damages of $250.00

per workweek that the violation occurred, up to a maximum of $5,000.00, reasonable

attorney's fees, and costs and disbursements of the action, pursuant to N.Y. Lab. Law §

198(1-d).

## EIGHTTH CLAIM FOR RELIEF
### (New York Records Requirements)
### (N.Y. Lab. L. §195 and N.Y. Comp. Code R. & Regs. 12, § 146-2.1)

98.    Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective

Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were

set forth again herein.

99.    Defendants are required to keep records for six years, which must include an

accurate records of employer's name, address and phone number, employee's name, dates

covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates

of pay, gross and net wages, itemized deductions and/or itemized allowances.

100.    Despite its obligations, Defendants failed to keep records in accordance

with 12 N.Y.C.C.R. § 146-2.1.

101.    As a result of Defendants' willful and unlawful conduct, Plaintiffs and the

Class are entitled to an award of damages, including liquidated damages, in amount to be

determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided

by N.Y. Lab. Law § 663.

## NINTH CLAIM FOR RELIEF
### (Conversion)

102.    Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

103.    Defendants failed to compensate Plaintiffs for wages earned during the course of their employment with Defendants.

104.    As a result, Defendants willfully interfered with Plaintiff's, and the Classes rights to immediate possession of the full amount of these wages.

105.    Because of Defendants' unlawful conversion of Plaintiffs' compensation, and to which they are entitled to immediate possession of, Plaintiffs have suffered, and will continue to suffer, substantial economic damages.

## TENTH CLAIM FOR RELIEF
### (Alternatively, Unjust Enrichment and Quantum Meruit)

106.    Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

107.    Plaintiffs, and the Class, performed numerous and valuable services at the behest of Defendants.

108.    Plaintiffs, and the Class, were not paid for the reasonable value of those services.

109.    Defendants benefitted from Plaintiffs and the Classes services, at Plaintiffs' expense.

20

110.  Equity and good conscience require that Plaintiffs and the Class be paid the reasonable value for their services that were wrongfully withheld by Defendants in an amount to be determined at trial.

**ELEVENTH CLAIM FOR RELIEF**
**(Unlawful Deductions from Wages)**

111.  Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

112.  Defendants unlawfully made deductions from wages earned by Plaintiffs and other members of the class action for "tips" and other improper deductions.

113.  Defendants required Plaintiffs, the Class, and other FLSA Collective Plaintiffs to share part of the gratuities they received with employees other than similar employees in violation of N.Y. Lab. Law § 196-d and supporting N.Y. Debt. of Lab. regulations.

114.  The aforementioned unlawful deductions, and any other deductions from wages earned by Plaintiffs and other members of the putative class, are not similar to payments for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization.

115.  Defendants therefore violated Labor Law § 196-d by withholding, and personally retaining, portions of gratuities of Plaintiffs and other members of the putative class action and violated Labor Law § 193 by making improper deductions from the wages of Plaintiffs and other members of the putative class action.

116.    Upon information and belief, Defendants' violations of Labor Law § 196-d and Labor Law § 193 were willful.

117.    By the foregoing reasons, Defendants have violated Labor Law § 190 *et seq.*, 12 NYCRR § 137-2.5, 12 NYCRR § 142-2.10, and 12 NYCRR § 146-2.7, and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs.

**TWELFTH CLAIM FOR RELIEF**
**(Uniform Expense)**

118.    Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

119.    Consistent with their policy and pattern or practice, Defendants prohibited Plaintiffs and Rule 23 Class Members from wearing street clothes to work and required them to wear uniforms consisting of designated attire. The uniforms that Defendants mandated could not be worn as part of Plaintiffs' and the Rule 23 Class Members ordinary wardrobe. Defendants required Plaintiffs Rule 23 Class Members to wear specific or distinctive styles, colors, and quality of clothing.

120.    Consistent with their policy and pattern or practice, Defendants required Plaintiffs and Rule 23 Class Members to purchase their own uniforms and failed to reimburse Plaintiffs and the Rule 23 Class Members for these costs, in violation of NYLL and its supporting regulations.

121.    Consistent with their policy and pattern or practice, Defendants unlawfully required Plaintiffs and the Rule 23 Class Members to launder and maintain their uniforms

22

and failed to compensate Plaintiff for these costs.

122.    Defendants further failed to reimburse Plaintiffs and Rule 23 Class Members for uniform-related expenses.

123.    Consistent with their policy and pattern or practice, Defendants' failure to reimburse Plaintiffs and the Rule 23 Class Members for their uniform-related expenses resulted in Plaintiffs and Rule 23 Class Members being paid less than the minimum wage.

124.    Defendants also failed to maintain, launder or dry clean such uniform, have failed to provide for a uniform allowance, or cover the cost of maintaining the uniform.

125.    By the foregoing reasons, Defendants have violated Labor Law and applicable N.Y. Wage Order governing the hospitality industries and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs prays this Court grant as relief the following:

   a.    Designating this action as a collective action on behalf of the collective action members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b) and appointing the plaintiff and the plaintiff's attorneys to represent the collective action members;

   b.    Alternatively, to designate this action as a Rule 23 class action, and appoint the plaintiff and the plaintiffs' attorneys to represent the class members;

   c.    Declaring that the practices complained of herein are unlawful under the FLSA and the N.Y. Lab. Law ;

   d.    Awarding all unpaid compensation due under the FLSA;

e.    Awarding Plaintiff liquidated damages due to Defendants' willful failure to pay minimum wage and overtime compensation, under the FLSA;

f.    Awarding Plaintiff an award of unpaid minimum wage, overtime, spread of hours, and uniform maintenance compensation, under the N.Y. Lab. Law;

h.    Awarding Plaintiff liquidated damages due to Defendants' willful failure to pay minimum wage, overtime, and spread of hours under the N.Y. Lab. Law;

i.    Awarding Plaintiff liquidated damages as a result of Defendants' failure to furnish a notice at the time of hiring under the N.Y. Lab. Law;

j.    Awarding Plaintiff liquidated damages as a result of Defendants' failure to furnish correct statements with each payment of wages under the N.Y. Lab. Law;

k.    Awarding Plaintiff liquidated damages as a result of Defendants' failure maintain records under the N.Y. Lab. Law;

l.    On the ninth and tenth causes of action against Defendants, in an amount to be determined at trial, plus costs and fees;

m.    On the eleventh and twelfth causes of action against Defendants, in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs;

n.    Awarding Plaintiffs pre-judgment interest;

o.    Awarding Plaintiffs post-judgment interest; and

p.    Granting such other and further relief as this Court deems just and proper.

Dated:  January 17, 2018

MONTEIRO & FISHMAN LLP

By:_____/S/_____

    Marcus Monteiro
*mmonteiro@mflawny.com*
91 N. Franklin Street, Suite 108
Hempstead, New York 11550
Telephone: (516) 280.4600
*Attorneys for Plaintiffs and Putative*
*Class and Collective Plaintiffs*

25